FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 0 4 2020

MITCHELL R. ELFERS
CLERK lmn

Andrew Henderson
Name
U.S. Post Office - General Delivery
1135 Broadway Blvd NE
Address
Albuquerque NM, 87101

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

Andrew Henderson, Plaintiff
(Full Name)

CASE NO. 20cv 1139 JHR
(To be supplied by the Clerk)

v.

Mark Rourke (CEO) /
Schneider National Trucking Inc, Defendant(s)
3101 Packerland Dr, Green Bay WI 54313
Phone: (920) 592-2000, Website: Schneider.com

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.§1983

## A. JURISDICTION

1) Andrew Henderson, is a citizen of New Mexico
   (Plaintiff)                                    (State)
   who presently resides at U.S. Post Office - General Delivery, 1135 Broadway Blvd NE
   (Mailing address or place of confinement)
   Albuquerque NM, 87101.

2) Defendant Schneider National Trucking Inc., is a citizen of
   (Name of first defendant)
   Green Bay, Wisconsin, and is employed as
   (City, State)
   CEO/Corporate Headquarters of Schneider Natl Trucking. At the time the claim(s)
   (Position and title, if any)
   alleged in this complaint arose, was this defendant acting under color of state law?
   Yes [X]   No [ ]   If your answer is "Yes", briefly explain:
   28 U.S. Code §1343 (3)(4); 29 U.S. Code Chapter XIV Part 1606 § 1606.1, § 1606.8, §1604.1
   13 CFR § 124.103; 28 U.S. Code §1332; 42 U.S. Code §1983
   Schneider National Trucking Inc Driver Managers enacted against plaintiff employment
   discrimination, Homeless/ethnic discrimination, racial/ethnic discrimination, and sexual
   discrimination/harassment with intent to unjustly terminate plaintiff from employment.

3) Defendant _____ is a citizen of
(Name of second defendant)

_____, and is employed as
(City, State)

_____ . At the time the claim(s)
( Position and title, if any)

alleged in this complaint arose, was this defendant acting under color of state.

Yes ☐    No ☐    If your answer is "Yes", briefly explain:




(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3), 42 U.S.C. §1983. (If you wish to assert Jurisdiction under different or additional statutes, you may list them below.)

28 U.S. Code §1343 (4); 29 U.S. CODE Chapter XIV Part 1606 § 1606.1, § 1606.8, §1604.11; 13 CFR § 124.103;

Plaintiff has EEOC "Dismissal and Notice of Rights" - "Notice Of Suit Rights" Letter dated August 31, 2020: EEOC Charge No. 451-2020-01230. Letter copy attached to this filing.

## B.  NATURE OF THE CASE

1) Briefly state the background of your case.        Allegations:

Schneider Trucking Driver Manager Jorge Bustamonte of the Laredo Texas Schneider Operating Center (OC) insisted that for plaintiff to have a job he was required to have domicile and Drivers License changed to Laredo TX regardless what other city and state he had residence in. Bustamonte agreed that because plaintiff was having financial problems unable to afford to rent an apartment in Laredo TX that plaintiff would have residence/domicile at the Laredo Texas Homeless Shelter Located at 817 Hidago St., Laredo TX 78040. Driver Managers Jorge Bustamonte/Virginia Solares discriminated against plaintiff because he was/am of a homeless ethnic class without financial ability or employment to rise above homelessness. Jorge Bustamonte/Solares discriminated against Plaintiff because he is of non Hispanic ethnic/racial origins. Jorge Bustamonte/Virginia Solares discriminated against and harassed Plaintiff with intent to cause the Plaintiff to be fired from his job with Schneider Trucking and having done so with intent to render Plaintiff incapable of settling in any other area of the U.S. than their area of Laredo TX being of considerable majority Hispanic/Mexican population that they wanted Plaintiff to be at the mercy of. Plaintiff suspects their motives were hopes and ambitions that Plaintiff would marry and or have children with a Hispanic/Mexican female as well whatever else they would be able to socially use the Plaintiff for being homeless and unable to get employment.

## C.  CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary, you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.

A)(1)  Count I:   Plaintiff alleges that along with efforts to illegally withhold plaintiff's earned pay and consistent to discrimination and retaliation against him from Schneider Trucking Laredo TX Driver Managers Jorge Bustamonte/Virginia Solares that these Driver Managers went forth in every way they could to harass, stress, anger, belittle, accuse of wrong doing, and wrongfully terminate the plaintiff's employment with Schneider Trucking.

(2) Supporting Facts:  (Include all facts you consider important, including names of persons involved, places and dates.  Describe exactly how each defendant is involved. State the facts clearly in your own words without citing leagl authority or argument.)

05 July 2019 Plaintiff texting reported to Driver Manager Raphael De'Barrio that Job Assignment/Shipment# ST134540492 instructing him to take trailing unit # TA156892 from the Schneider Laredo TX OC delivery to Goodyear Tire & Rubber in Terrell TX was changed by someone within hours after plaintiff departed from the Schneider Laredo OC at approximately 9:00AM 05 July 2019 and done seemingly to make it appear as if the plaintiff made a tremendous mistake of taking the wrong trailing unit to the wrong destination.

B)(1)  Count II:

Plaintiff alleges Jorge Bustamonte/Virginia Solares attempted to illegally withhold plaintiff's pay for allegations described and in retaliation to plaintiff complaining that he did not want to phone Solares every day because he did not want to hear any talk or gossip comments and or idiomatic-expression comments about anything other than the job and that he was afraid to talk to Solares fearing that she may become angry and verbally abusive with him.

(2) Supporting Facts:  23 July 2019 Plaintiff faxed Job Assignment ST134761337 on Trip Sheet# (Job Assignment Completion Document) 634FWD114 to Schneider Trucking Corporate Headquarters as part of the job assignment task in order to be paid for job assignment ST134761337 completed.  27 July 2019 plaintiff faxed Job Assignment ST134826597 on Trip Sheet# 634FWD215 and explaining the completed job assignment ST13461337 he was due pay for was withdrawn and replaced with Job Assignment ST134826597 in effect withdrawing/withholding plaintiff's pay for the completed job assignment ST134761337.  27 July 2019 plaintiff faxed Job Assignment ST134776505 on Trip Sheet# 233FZB210 explaining Job Assignment ST134826597 was withdrawn and replaced with job assignment ST134776505 in effect twice wrongfully withdrawing/concealing/ complicating what plaintiff was due to be paid from completion of the original job assignment of ST134761337

XE-2 2/78                                                                -3-

C)(1) Count III: Plaintiff alleges that Schneider Trucking Laredo TX OC Driver Manager Jorge Bustamonte /Virginia Solares/Joe intentionally wrongfully instructed him to use an incorrect Trailing Unit to have loaded in Shevboygan WI and delivered to Dallas TX. And that Schneider Laredo TX OC Driver Managers Virginia Solares /Jorge Bustamonte at every chance intentionally slandered and falsely accused plaintiff of wrong doing with intent to stress, intimidate, harass, anger, and belittle plaintiff ultimately to result in plaintiff being fired from employment with Schneider Trucking and also having done so consistent to an unfortunate Hispanic/Mexican racist mentality to lure and manipulate vulnerable Americans into being bound to their social cultural areas and communities often through involvement with drug trafficking as well through marriage and having children.

(2) Supporting Facts:

29 July 2019 Schneider Laredo TX OC Driver Manager Virginia Solares/Jorge Bustamonte instructed Plaintiff to take a "Cargo Container" Trailing Unit from the Gardettos Bakery/General Mills warehouse in Milwaukee WI knowing that the Trailing Unit design was approximately three thousand pounds more weight than a "Box Van" Trailing Unit and knowing that the plaintiff would probably be stopped at a Truck Weigh Station after having picked up his assigned load of merchandise in Sheboygan WI to be delivered to Dallas TX. Plaintiff traveling Southbound on I55 through the Springfield Illinois District and or Williamsville Illinois at the mile marker 107 Sheriff's Weigh Station was found to be 2,320lbs overweight. When Plaintiff phoned Schneider Laredo TX OC and spoke to Jorge Bustamonte who encouraged the plaintiff to be uncooperative

*SEE ATTACHMENTS - Pages --4b&c-- "C. CAUSE OF ACTION" - C)(2) Count III - Supporting Fact

D) PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF
None

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
Yes ☐   No ☒   If your answer is "YES", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    a) Parties to previous lawsuit.

        Plaintiffs: _____

        Defendants: _____

    b) Name of court and docket number:

    c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

    d) Issues raised: _____

# Page -- 4b -- "C. CAUSE OF ACTION" - C)(2) Count III - Supporting Facts: Case#

**(C)(2) Count III - Supporting Facts Continuation:** Plaintiff phoned Schneider Laredo TX OC speaking to Bustamonte who encouraged the Plaintiff to be uncooperative with the officers at the weigh station and to get the citation and leave. The plaintiff replied to Jorge Bustamonte that he the plaintiff does not think like cops are the bad guys and that he does all he can to help police and law enforcement. In effect of plaintiff of saying this, Jorge Bustamonte became angry with the plaintiff and accused him of wasting time hanging around at the weigh station with the cops. Plaintiff explained to Jorge Bustamonte that the police officers were doing all they could to get his case processed but there were a few people before him to be processed and regardless the plaintiff could not leave with the overweight trailing unit but the officers even as they were processing other people where trying to help the plaintiff with where he could find a towing garage/service nearby that would help to correct the problem of the overweight trailing unit so it could be removed from the weigh station. Plaintiff says one of the officers a couple times commented that he would give the plaintiff a police escort to the towing garage to save time and money but Jorge Bustamonte had such a hateful bad attitude about the officers of the weigh station that the plaintiff said to the officers it would be better to let the towing company get the overweight trailing unit. Plaintiff says after speaking to Bustamonte on the phone that he was unable to get the Laredo TX Schneider OC back on the phone and in effect the plaintiff phoned the Schneider Greenbay Offices asking for help and was directed to Cory and Joanne from Schneider Corporate Greenbay offices "Cargo Claims" Division. Plaintiff says Cory and Joanne were quite nice and did all they could to help and instructed the plaintiff that he would need to drive approximately 90 miles each way to Pontiac Illinois to pick up an empty "Box Van" Trailing Unit and drive it back to Springfield Illinois so Tuxhorn Towing could reload the corrected trailing unit with all the merchandise and it would not be overweight. Plaintiff says that Joanne said to him not to worry it was not a terrible mistake on his part and that things like this does happen particularly with a new driver just coming out of Schneider orientations/training. Plaintiff says as soon as he finished being processed at the weigh station he departed straightway for Pontiac Illinois to pick up the empty trailing unit and did not stop on the way nor when returning and that he traveled as fast as he safely could according to driving laws and regulations. Plaintiff says after Joanne phoned the Schneider Laredo OC Office and spoke to Driver Managers Jorge Bustamonte/Virginia Solares that after speaking to them Joanne again phoned the plaintiff and was quite harsh speaking with him accusing him of hanging around at the weigh station with the police and that the trailing unit would not be able

**Page -- 4b --**

## Page -- 4c -- "C. CAUSE OF ACTION" - C)(2) Count III - Supporting Facts: Case#

to be taken from the weigh station to Tuxhorn Towing in Springfied until the following Monday because the plaintiff was hanging around at the weigh station and did not leave straightway to Pontiac IL, and that the plaintiff stopped along the way. Plaintiff says he tried to tell Joanne that none of this was true but she did not much accept what he said. Plaintiff says he initially phoned Tuxhorn Towing as the officers at the weigh station suggested and speaking to the owner and secretary of Tuxhorn Towing plaintiff had good pleasant helpful conversations, but after Tuxhorn Towing spoke to Jorge Bustamonte and Virginia Solares then employees/owner of Tuxhorn Towing spoke a bit harsh to the plaintiff and accused him of hanging around the weigh station and did not do his job of directly driving to Pontiac Illinois. Plaintiff said after he explained that he was doing exactly as the Tuxhorn Towing office employee/owner instructed him being to phone him about an hour before he got back to Springfield and or the Weigh Station and the Towing Company would than go to pick up the overweight trailing unit, at that point plaintiff had no further harsh words or problems from anyone of Tuxhorn Towning who probably got the truth from the officers at the weigh station. Plaintiff says that Friday when he returned from Pontiac Illinois approximately three hours later, the "Container" Trailing Unit had been retrieved from the weigh station by Tuxhorn Towing. The following Monday plaintiff picked up the corrected trailing unit at Tuxhorn Towning and took it to the nearest Truck stop, had it weighed, and was phoned by Jorge Bustamonte who instructed the plaintiff to park the trailing unit and wait for another driver to pick it up from the Truck Stop. Plaintiff completed the job assignment as instructed on 06 August 2019 faxing Trip Sheet# 893GDP424 with Shipment# ST134921054. The plaintiff had to pay a citation of approximately $550 for the overweight trailing unit and Jorge Bustamonte insisted that it was all the plaintiff's fault and refused to give any company monetary compensation to the plaintiff for the overweight trailing unit citation costs.

07 August 2019 plaintiff received the job assignment ST135019414 in Jacksonville IL and deliver it to Louisville KY, 362 miles that the plaintiff successfully completed without incident 08 August 2019. 09 August 2019 plaintiff was assigned job# ST135088437 from Louisville KY to Dallas TX. 09 August 2019 Jorge Bustamonte phoned plaintiff and told him that he was going to withdraw Job Assignment# ST135088437 from Louisville KY to Dallas, 877 miles of pay, and that he would assign plaintiff with job assignment# ST135103444 to pickup a trailing unit in North Vernon Indiana and deliver it to the Schneider Indianapolis IN OC a 123 mile job Plaintiff delivered the Trailing unit to Schneider Indianapolis IN OC 10 August 2019. 12 August 2019 plaintiff was assigned job# ST135103308 to pick up a trailing unit in Indianapolis IN to deliver to Menasha WI, a 364 mile job. That morning Jorge Bustamonte phoned the plaintiff and told him he was fired, and to remove his property from the truck and he would send a Greyhound Bus ticket voucher for plaintiff to return to Laredo TX but the plaintiff had to wait in Laredo TX for about 45 days for his merchandise from the truck in Indianapolis to be shipped to the Laredo TX Schneider Operations Center (OC).

Plaintiff alleges that slanderous talk and comments continued about him from probably Schneider Laredo TX Driver Manager Jorge Bustamonte/Virginia Solares/Joe and other employees for months after he was fired and being evident that on 04 May 2020 nearly a year after plaintiff had been fired from Schneider Trucking, an employee\manager of Schneider Trucking phoned the plaintiff leaving a voice recorded message on his phone accusing plaintiff of illegally driving through a fuel isle and running a stop sign saying the plaintiff needed to phone a Schneider management office. Plaintiff has not had any contact with any Schneider employee since being fired 12 August 2019. Planitiff has most phone messages and documents to support his allegations and case.

e) Approximate date of filing lawsuit: _____

f) Approximate date of disposition: _____

2) I have previously sought informal or formal releif from the appropriate administrative officials regarding the acts complained of in Part C. Yes ☐  No ☒  If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No," briefly explain why administrative relief was not sought.

## E.   REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

**Compensatory Damages.** Lost Wages and Back Pay to the Plaintiff of **$50,000.00**

**Compensatory Damages:** Future Losses and Front Pay as a Professional Truck Driver and based on successful driving history, time of service, safe driving, honor of achieving million mile safe driving reputation: **$50,000.00**

**Compensatory Damages:** Loss of dental and health insurance that would have been accomplished. **$50,000.00**

**Future Losses:** Plaintiff as a licensed business and stock market investor will suffer due to wrongful termination of employment and time of restarting to re-establish and build business plans and projects. **$100,000.00**

**Punitive Damages:** Malicious/reckless indifferent conduct that Schneider failed to teach employees against involvement in accusations/false comments against other employees and to immediately report it to authorities of Schneider to handle and investigate accusations/comments or complaints against employees. **$100,000.00**
And any Treble Damages according to the discretion of the Judge of the court and or the court hereof.

| None - Plaintiff Pro Se | *Andrew Henderson* |
|---|---|
| Signature of Attorney (if any) | Signature of Petitioner |

Attorney's full address and telephone number.

XE-2   2/78                                - 5 -

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.

Executed at    United States District Court, Albuquerque, New Mexico    on    04 November    20 20.
               (Location)                                     (Date)

*Andrew Henderson*
(Signature)

XE-2  2/78

- 6 -

EEOC Form 161 (11/16)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Andrew Henderson<br>2306 Garfield Ave.<br>Apt. 19<br>Albuquerque, NM 87106 | From: Albuquerque Area Office<br>505 Marquette, N.W.<br>Suite 900<br>Albuquerque, NM 87102 |

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2020-01230 | Ivan I. Soto,<br>Investigator | (505) 738-6730 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit** may not be collectible.

On behalf of the Commission

_____     AUG 3 1 2020
Christina Vigil Frazier,                                 (Date Mailed)
Acting Director

Enclosures(s)