IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW HENDERSON,

      Plaintiff,

v.                                           No. 1:20-cv-01139-JHR

MARK ROURKE and
SCHNEIDER NATIONAL TRUCKING INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**
**AND GRANTING LEAVE TO FILE AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed November 4, 2020 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 4, 2020.

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir.

2008) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." See *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount during the past 12 months was $827.41; (ii) his monthly expenses total $297.00; and (iii) he has $1,601.34 in bank accounts. The Court grants Plaintiff's Application because he signed an affidavit declaring that he is unable to pay the costs of these proceedings and because of his low monthly income.

**The Complaint**

The events giving rise to this case occurred during Plaintiffs employment as a truck driver with Defendant Schneider National Trucking Inc. ("Schneider"). Defendant Rourke is the CEO of Schneider. Plaintiff alleges that Schneider "Managers enacted against plaintiff employment discrimination, Homeless/ethnic discrimination, racial/ethnic discrimination, and sexual discrimination/harassment with intent to unjustly terminate plaintiff from employment." Complaint at 1. Plaintiff asserts his claims pursuant to 28 U.S.C. § 1343, "Civil rights and elective franchise, 29 U.S.C. § 1606, which has been repealed, and 42 U.S.C. § 1983, "Civil action for deprivation of rights.

The Complaint alleges that Schneider's managers: (i) required Plaintiff, who lives in Albuquerque, New Mexico, to have a Texas driver license; (ii) changed a shipping instruction; (iii) withheld Plaintiff's pay; (iv) instructed Plaintiff to use an "incorrect Trailing Unit;" (v) encouraged

Plaintiff to be uncooperative with the officers at a weigh station and get a ticket; and (vi) did not reimburse Plaintiff for paying a fine; and (vii) fired Plaintiff.

The Complaint fails to state a claim against Defendants Rourke and Schneider because there are no factual allegations regarding Defendants Rourke and Schneider.

> Section 1983 does not authorize respondeat superior liability for a supervisor based solely on the actions of his subordinates. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "[T]he three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities [are]: (1) personal involvement[,] (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013); *see also Dodds*, 614 F.3d at 1199.

*Burke v. Regalado*, 935 F.3d 960, 997-998 (10th Cir. 2019).

The Complaint fails to state a claim against Schneider's managers, who are not named as Defendants, because it contains only conclusory allegations of discrimination. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff has not alleged facts showing he was terminated under circumstances giving rise to an inference of discrimination. *See e.g. Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012) (To state a claim for racial discrimination, a plaintiff must allege: "(1) he was a member of a protected class; (2) he was qualified and satisfactorily performing his job; and (3) he was terminated under circumstances giving rise to an inference of discrimination."); *Bird v. West Valley City*, 832 F.3d 1188, 1200 (10th Cir. 2016) (to establish a prima facie case of gender discrimination a "plaintiff must demonstrate that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination").

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because Plaintiff has not stated a claim upon which relief can be granted and because Plaintiff has not provided the Defendants' addresses. The Court will order service if Plaintiff: (i) files an amended complaint that states a claim over which the Court has jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed November 4, 2020, is **GRANTED.**

(ii) Plaintiff may, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

5

_____
**UNITED STATES MAGISTRATE JUDGE**