IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW HENDERSON,

    Plaintiff,

v.                                                                                                                                                                   No. 1:20-cv-01139-WJ-JHR

MARK ROURKE and
SCHNEIDER NATIONAL TRUCKING INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

    The events giving rise to this case occurred during Plaintiff's employment as a truck driver with Defendant Schneider National Trucking Inc. ("Schneider"). *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed November 4, 2020. Defendant Rourke is the CEO of Schneider. Plaintiff, who is proceeding *pro se*, alleged that Schneider's "Managers enacted against plaintiff employment discrimination, Homeless/ethnic discrimination, racial/ethnic discrimination, and sexual discrimination/harassment with intent to unjustly terminate plaintiff from employment." Complaint at 1. Plaintiff also alleged that that Schneider's managers: (i) required Plaintiff, who lives in Albuquerque, New Mexico, to have a Texas driver license; (ii) changed a shipping instruction; (iii) withheld Plaintiff's pay; (iv) instructed Plaintiff to use an "incorrect Trailing Unit;" (v) encouraged Plaintiff to be uncooperative with the officers at a weigh station and get a ticket; (vi) did not reimburse Plaintiff for paying a fine; and (vii) fired Plaintiff.

    United States Magistrate Judge Jerry H. Ritter notified Plaintiff that the Complaint failed to state a claim against Defendants Rourke and Schneider because there were no factual allegations regarding Defendants Rourke and Schneider. Judge Ritter also notified Plaintiff that the

Complaint failed to state a claim against Schneider's managers, who were not named as Defendants, because it contained only conclusory allegations of discrimination and because:

> Plaintiff has not alleged facts showing he was terminated under circumstances giving rise to an inference of discrimination.  *See e.g. Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012) (To state a claim for racial discrimination, a plaintiff must allege: "(1) he was a member of a protected class; (2) he was qualified and satisfactorily performing his job; and (3) he was terminated under circumstances giving rise to an inference of discrimination."); *Bird v. West Valley City*, 832 F.3d 1188, 1200 (10th Cir. 2016) (to establish a prima facie case of gender discrimination a "plaintiff must demonstrate that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination").

Doc. 5, filed November 6, 2020.  Judge Ritter granted Plaintiff an opportunity to file an amended complaint.

The Amended Complaint seeks damages from Defendant trucking company/employer Schneider based on alleged racial, sexual and ethnic discrimination by Schneider's employees. Amended Complaint, Doc. 6, filed November 17, 2020.  Plaintiff alleges that: (i) Defendants' managers "discriminated against him that he is a minority of a protected class of American Negro and Non-Hispanic/Mexican Caucasian;" (ii) during one phone conversation a manager "became verbally abusive and with what seemed to be a sexual slur;" (iii) a manager sent Plaintiff a "text message/email addressing him by the name 'Jackie,'" which Plaintiff asserts has a sexual connotation; and (iv) Defendant "Schneider failed to teach employees against involvement in accusations/false comments, gossip, rumors against other employees and to immediately report it and such conduct to authorities of Schneider Trucking Intl Inc to handle and investigate accusations/comments or complaints against employees."  Amended Complaint at 4, 11, 24, 27. The remainder of the allegations described Plaintiff's assignments and job duties, Plaintiff's interactions with other employees, and alterations to job assignments which made it appear that

Plaintiff made mistakes on the job, none of which indicate other employees were mistreating Plaintiff because of his race or gender.

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "[A]n employer can be held directly liable for a supervisor's harassment where the employer acts with tortious intent, or where the employer knew or should have known about the harassment but failed to stop it." *Harrison v. Eddy Potash, Inc.*, 158 F.3d 1371, 1374-75 (10th Cir. 1998) (quotation marks omitted). To state a claim for racial discrimination, a plaintiff must allege: "(1) he was a member of a protected class; (2) he was qualified and satisfactorily performing his job; and (3) he was terminated under circumstances giving rise to an inference of discrimination." *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012). To state a claim for gender discrimination, a plaintiff must allege that "(1) [he] is a member of a protected class; (2) [he] suffered an adverse employment action; (3) [he] was qualified for the position at issue; and (4) [he] was treated less favorably than others not in the protected class." *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007). To state a hostile work environment claim, a plaintiff must allege:

> (1) [he] is a member of a protected group; (2) [he] was subject to unwelcome harassment; (3) the harassment was based on [race]; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment.

*Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015) (stating "Title VII does not establish a general civility code for the workplace and that a plaintiff may not predicate a hostile work environment claim on the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces"). The nature of the harassment is determined by a variety of

3

factors "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Lounds v. Lincare, Inc.*, 812 F.3d at 1222.

The Amended Complaint fails to state claims for racial and gender discrimination and for hostile work environment.  The Amended Complaint contains conclusory allegations that Defendant's managers "discriminated against him that he is a minority of a protected class of American Negro and Non-Hispanic/Mexican Caucasian," however "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff has not alleged facts showing he was terminated under circumstances giving rise to an inference of racial or gender discrimination. While Plaintiff alleges two instances where a manager used language with a sexual connotation, he has not alleged facts showing that those comments were made because of his race or gender, or that those comments were severe enough to create an abusive work environment.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE