# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANDREW HENDERSON,

    Plaintiff,

v.                                                                          No. 1:20-cv-01139-WJ-JHR

SCHNEIDER NATIONAL TRUCKING INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REOPEN

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Reinstate/Reopen Case, Doc. 12, 2021 ("Motion to Reopen").

The events giving rise to this case occurred during Plaintiff's employment as a truck driver with Schneider National Trucking Inc. *See* Amended Complaint, Doc. 6, filed November 17, 2020.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that Plaintiff's original Complaint failed to state a claim against Defendants Rourke and Schneider because there were no factual allegations regarding Defendants Rourke and Schneider, and that the Complaint failed to state a claim against Schneider's managers, who were not named as Defendants, because it contained only conclusory allegations of discrimination and did not allege facts showing Plaintiff was terminated under circumstances giving rise to an inference of discrimination. *See* Doc. 5, filed November 6, 2020. Judge Ritter granted Plaintiff an opportunity to file an amended complaint.

The undersigned notified Plaintiff that the Amended Complaint, Doc. 6, filed November 17, 2020, similarly failed to state claims for racial and gender discrimination and for hostile work environment because while it contained conclusory allegation regarding discrimination, it did not

allege facts showing he was terminated under circumstances giving rise to an inference of racial or gender discrimination. *See* Mem. Op. and Order of Dismissal, Doc. 10, filed March 24, 2021. The Court dismissed the case without prejudice and entered its Rule 58 Judgment. *See* Doc. 11, filed March 24, 2021.

Plaintiff asks the Court to reopen this case because he "filed with his Amended Complaint actual documentation and audio file evidence that clearly and strongly indicates there was quite questionable incidents that occurred and could [have] been results of racist/immoral feelings or animosity or envy against plaintiff" and that "under the 'McDonnell Douglas burden-shifting framework' ... the defendant now has the 'Burden of Proof' of no discrimination." Motion to Reopen at 4.

The Court denies Plaintiff's Motion to Reopen because he has not shown grounds for relief from the Court's Order of Dismissal and Rule 58 Judgment.[1] Plaintiff has the initial burden to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 8(2) (a complaint must contain a short and plaint statement of the claim showing that the pleader is entitled to relief); 28 U.S.C. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted"). Defendant does not have a burden of showing a non-discriminatory reason for adverse employment actions until *after*

---

[1] Grounds for relief from an order or final judgment include:

    (i)     mistake, inadvertence, surprise, or excusable neglect;
    (ii)    newly discovered evidence;
    (iii)   fraud;
    (iv)   the judgment is void;
    (v)    the judgment has been satisfied, release, or discharged;
    (vi)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b)

Plaintiff states a claim upon which relief can be granted. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216-17 (10th Cir. 2013) ("If a plaintiff states a prima facie case, the burden shifts to the employer to proffer 'a legitimate non-discriminatory purpose for the adverse employment action'"). Plaintiff's Amended Complaint did not state a claim upon which relief can be granted. Although Plaintiff filed 61 pages and an audio CD of evidence in support of his claim, the Court cannot comb the record or make Plaintiff's arguments for him. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("the court will not construct arguments or theories for a pro se litigant").

**IT IS ORDERED** that Plaintiff's Motion to Reinstate/Reopen Case, Doc. 12, 2021, is **DENIED**.

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**