## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANDREW HENDERSON,

      Plaintiff,

v.                                             No. 1:20-cv-01139-WJ-JHR

SCHNEIDER NATIONAL TRUCKING INC.,

      Defendant.

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO REOPEN CASE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Reinstate/Reopen Case, Doc. 17, filed November 4, 2022 ("Motion to Reopen"), Plaintiff's Motion for Change of Venue, Doc. 18, filed November 4, 2022, and Plaintiff's Motion to Grant Leave to Electronically File, Doc. 21, filed November 4, 2022.

**Procedural Background**

The events giving rise to this case occurred during Plaintiff's employment as a truck driver with Schneider National Trucking Inc. *See* Amended Complaint, Doc. 6, filed November 17, 2020.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that Plaintiff's original Complaint failed to state a claim against Defendants Rourke and Schneider because there were no factual allegations regarding Defendants Rourke and Schneider, and that the Complaint failed to state a claim against Schneider's managers, who were not named as Defendants, because it contained only conclusory allegations of discrimination and did not allege facts showing Plaintiff was terminated under circumstances giving rise to an inference of discrimination. *See* Doc. 5 at 3, filed November 6, 2020 (explaining that "[C]onclusory allegations without supporting factual

averments are insufficient to state a claim on which relief can be based"). Judge Ritter granted Plaintiff an opportunity to file an amended complaint.

After Plaintiff filed his Amended Complaint, Doc. 6, filed November 17, 2020, the undersigned notified Plaintiff that the Amended Complaint failed to state claims for racial and gender discrimination and for hostile work environment because while it contained conclusory allegation regarding discrimination, it did not allege facts showing he was terminated under circumstances giving rise to an inference of racial or gender discrimination. *See* Mem. Op. and Order of Dismissal at 4, Doc. 10, filed March 24, 2021. The Court dismissed the case without prejudice and entered its Rule 58 Judgment. *See* Doc. 11, filed March 24, 2021.

Plaintiff subsequently filed his First Motion to Reopen this case stating:

> Plaintiff Andrew Henderson filed with his Amended Complaint actual documentation and audio file evidence that clearly and strongly indicates there was quite questionable incidents that occurred and could [have] been results of racist/immoral feelings or animosity or envy against plaintiff ... The Plaintiff in his amended complaint does not express "Conclusory allegations" but communicates his allegations to be "Non-Conclusory allegations" as stated and expressed in his amended Complaint.

First Motion to Reopen at 3-4, Doc. 12, filed May 19, 2021. It appears Plaintiff was contending that the Court erred when it dismissed Plaintiff's case after stating:

> The Amended Complaint fails to state claims for racial and gender discrimination and for hostile work environment. The Amended Complaint contains conclusory allegations that Defendant's managers "discriminated against him that he is a minority of a protected class of American Negro and Non-Hispanic/Mexican Caucasian," however "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff has not alleged facts showing he was terminated under circumstances giving rise to an inference of racial or gender discrimination. While Plaintiff alleges two instances where a manager used language with a sexual connotation, he has not alleged facts showing that those comments were made because of his race or gender, or that those comments were severe enough to create an abusive work environment.

Order of Dismissal at 4, Doc. 10, filed March 24, 2021.

The Court denied Plaintiff's First Motion to Reopen stating that Plaintiff's Amended Complaint failed to state a claim, 28 U.S.C. § 1915(e)(2) requires the Court to dismiss the case if the court determines that the action fails to state a claim, and

> Although Plaintiff filed 61 pages and an audio CD of evidence in support of his claim, the Court cannot comb the record or make Plaintiff's arguments for him. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("the court will not construct arguments or theories for a pro se litigant").

Doc. 13 at 2-3, filed May 25, 2021.

Plaintiff also filed a motion to transfer this case to the Middle District of Alabama where Plaintiff resides. *See* Doc. 14, filed May 26, 2021. The Court denied Plaintiff's motion to transfer this case to the Middle District of Alabama because the Court has dismissed this case. *See* Doc. 15, filed September 13, 2021 (stating "Because the dismissal was without prejudice, Plaintiff may refile his case in an appropriate venue").

**Second Motion to Reopen Case**

Plaintiff has filed a second Motion to Reopen this case along with a Second Amended Complaint. *See* Doc. 16, filed November 4, 2022; Notice of Claim, Doc. 19, filed November 4, 2022; Supporting Documents, Doc. 20, filed November 4, 2022.

Grounds for relief from an order or final judgment include:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud ... misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

3

(5)     the judgment has been satisfied, released, or discharged...;

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion for relief from a final judgment for reasons (1), (2), and (3) must

be made no more than a year after the entry of the judgment.  *See* Fed. R. Civ. P. 60(c)(1).

Relief is not available for the first three reasons of Rule 60(b) because Plaintiff filed his

Second Motion to Reopen more than a year after the Court entered its Rule 58 Judgment.  Relief

is also not available for reasons (4) and (5) because Plaintiff has not shown that the judgment is

void or has been satisfied, released or discharged.  Consequently, any relief available to Plaintiff

is through reason (6):

> We have described Rule 60(b)(6) as a grand reservoir of equitable power to do
> justice in a particular case.  Although the rule should be liberally construed when
> substantial justice will thus be served, relief under Rule 60(b)(6) is extraordinary
> and reserved for exceptional circumstances.

*Johnson v. Spencer*, 950 F.3d 680, 700-701 (10th Cir. 2020) (citations and quotation marks

omitted); *see also Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1293 (10th Cir.

2005) ("Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends

justice to deny such relief. The denial of a 60(b)(6) motion will be reversed only if we find a

complete absence of a reasonable basis and are certain that the ... decision is wrong") (citations

and quotation marks omitted).

Plaintiff's Second Motion to Reopen states the same grounds for relief as his First Motion

to Reopen.  After reciting the factual allegations of workplace discrimination in his Amended

Complaint, Plaintiff states:

> Plaintiff Andrew Henderson filed with his Amended Complaint actual
> documentation and audio file evidence that clearly and strongly indicates there was
> quite questionable incidents that occur[r]ed and could [have] been results of
> racist/immoral feelings or animosity or envy against the plaintiff ... The Plaintiff in
> his amended complaint does not express "Conclusory allegations" but

communicates his allegations to be "Non-Conclusory Allegations" as stated and expressed in his amended Complaint.

Second Motion to Reopen at 3-4.

The Court denies Plaintiff's Second Motion to Reopen because the Court previously addressed the issue of whether Plaintiff's Amended Complaint stated a claim when the Court denied Plaintiff's First Motion to Reopen. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("a motion for reconsideration and a successive Rule 60(b) motion ... are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion).

**Second Motion to Transfer Case**

Plaintiff has also filed a second Motion to Transfer this case to the Middle District of Alabama on the grounds that he resides in the Middle District of Alabama and "does not have the financial ability to commute to and from Albuquerque/New Mexico to attend required court proceedings." Motion to Transfer at 4. The Court denies Plaintiff's Motion to Transfer this case to the Middle District of Alabama because the Court has dismissed this case and entered its Rule 58 Judgment. *See* Rule 58 Judgment, Doc. 11, filed March 24, 2021.

**Motion for Leave to File Electronically**

The Court denies Plaintiff's Motion for leave to file electronically because the Court has dismissed this case. *See* Doc. 11, filed March 24, 2021.

**IT IS ORDERED** that:

(i)     Plaintiff's Motion to Reinstate/Reopen Case, Doc. 17, filed November 4, 2022, is

        **DENIED.**

5

(ii)    Plaintiff's Motion for Change of Venue, Doc. 18, filed November 4, 2022, is

**DENIED.**

(iii)   Plaintiff's Motion to Grant Leave to Electronically File, Doc. 21, filed November 4,

2022, is **DENIED.**

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**